**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DRK Photo, | No. CV-09-8225-PCT-NVW |
| Plaintiff, | **ORDER** |
| vs. | |
| Houghton Mifflin Harcourt Publishing Company; R.R. Donnelley & Sons Company, | |
| Defendants. | |

Plaintiff DRK Photo has sued Defendants Houghton Mifflin Harcourt Publishing Company and R.R. Donnelley & Sons Company for fraud and for infringing Plaintiff's copyrights in various photographic images, some of which are registered and some of which are not. Now before the Court is Defendants' Motion for Partial Dismissal (doc. # 27), seeking dismissal of Plaintiff's copyright infringement claims as to all unregistered images.

**I.  Legal Standard**

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if it contains sufficient factual matter to permit a reasonable inference that the defendant is liable for the conduct alleged. *Id.* Generally, only the face of the complaint

1 and any attached exhibits may be considered. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th
2 Cir. 2005). However, under the incorporation by reference doctrine, any documents
3 "whose contents are alleged in [the] complaint and whose authenticity no party questions"
4 may also be considered. *Id.* All of the plaintiff's factual allegations are accepted as true
5 and the pleadings are construed in a light most favorable to the plaintiff. *Id.* at 1072.

**II.     Analysis**

Subject to limited exceptions, the Copyright Act "requires copyright holders to register their works before suing for copyright infringement." *Reed Elsevier v. Muchnick*, 130 S. Ct. 1237, 1241 (2010) (citing 17 U.S.C. § 411(a)). Registration is therefore a "precondition" to suing for infringement of a particular copyright. *Id.* Once infringement of a registered copyright has been established, however, a court may grant injunctive relief to prevent future infringements of any of the plaintiff's copyrights, whether registered or unregistered. *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1154 n.1 (9th Cir. 2007) (citing 17 U.S.C. § 502(a)); *Olan Mills, Inc. v. Linn Photo, Co.*, 23 F.3d 1345, 1349 (8th Cir. 1994); *Pac. & S. Co. v. Duncan*, 744 F.2d 1490, 1499 n.17 (11th Cir. 1984). Therefore, while an unregistered work cannot provide a basis for court-determined liability, it can nevertheless be included within the scope of injunctive relief, if appropriate, once liability for infringing a registered copyright has been proved.

Plaintiff's copyright infringement claims refer to both registered and unregistered photographic images. While the registered images may be used to establish Defendants' liability for copyright infringement, the unregistered images cannot as a matter of law. Therefore, the claims must be dismissed to the extent they seek to predicate Defendants' liability on infringement of the unregistered copyrights. The Court may entertain the possibility of including the unregistered copyrights within the scope of injunctive and impoundment relief if and only if (1) Plaintiff successfully proves that Defendants infringed registered copyrights and (2) injunctive relief and/or impoundment are shown to be appropriate and lawful.

1    IT IS THEREFORE ORDERED that Defendants' Motion for Partial Dismissal
2 (doc. # 27) is granted.
3    Dated: April 23, 2010.

_____
Neil V. Wake
United States District Judge